## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No: 2:22-cr-34-1** |
| **vs.** | : | |
| | : | **JUDGE MORRISON** |
| **MARK WOLFORD,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Now comes the United States of America, by and through undersigned counsel, and hereby submits its Memorandum in aid of sentencing.

## I.    BACKGROUND

On October 20, 2022, Defendant **MARK WOLFORD** entered a plea of guilty pursuant to a Rule 11(c)(1)(A) plea agreement, to Count One of the Indictment filed in this case, which charged him with conspiracy to make a false statement during the purchase of firearms, in violation of 18 U.S.C. § 371. The plea agreement contained an attachment, which detailed Defendant's offense conduct in support of his guilty plea. Pursuant to that agreed factual statement, Defendant admitted that from on or about September 17, 2021 to on or about September 22, 2021, he did knowingly and intentionally conspire and agree with co-defendant Tracy Wolford to commit an offense against the United States, that is to knowingly make a false statement to a federally licensed firearms dealer, in connection with the acquisition of two firearms, which was likely to deceive them with respect to a fact material to the lawfulness of the sale of said firearms. The plea agreement also contained the parties' agreement to a base offense level of 14, and a reduction based on Defendant's acceptance of responsibility.

1

The Probation Officer released the final Presentence Investigation Report ("PSR") on

November January 10, 2023. Sentencing in this matter is scheduled for March 7, 2023.

II.    **PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION**

The United States has reviewed the PSR. The Probation Officer calculated a base offense

level of 14, adding a two-level enhancement for an aggravating role, and a three-level reduction

for acceptance of responsibility, resulting in a total offense level of 13. At a criminal history

category VI, the resulting guidelines range is 33 to 41 months incarceration.[1]

A.  **The Parties' joint objection should be sustained.**

The United States joins in Defendant's objection to the application of a two-level

enhancement pursuant to U.S.S.G. § 3B1.1(c). The Government does not believe the evidence

supports that Defendant was an organizer, leader, manager, or supervisor of Ms. Wolford in this

case in conspiring to purchase the firearms. The evidence provides that over the course of a few

days, Defendant requested Ms. Wolford purchase him specific firearms from Vance Outdoors

before a certain sale ended. Ms. Wolford then went about effectuating that request at the time

and in the manner in which she saw fit, presumably motivated largely by the familial relationship

she shared with Defendant. There is no additional evidence that Defendant "exercised decision-

making authority, recruited accomplices, received a larger share of the profits, was instrumental

in the planning phase of a criminal venture, or exercised control or authority over at least one

accomplice." *United States v. Vasquez*, 560 F.3d 461, 473 (6th Cir. 2009). The criminal conduct

here is more akin (although not identical) to a suggestion made by Defendant that his co-

---

[1] In the final PSR on page 19, the Probation Officer erroneously refers to the total offense level as 14, with a corresponding guideline range of 37 to 46 months at criminal history category VI.

defendant mother commit the straw purchase on his behalf. Should the Court sustain the objection, the total offense level would be 12.[2]

**B. Defendant's request for a downward departure should be denied.**

The United States opposes Defendant's request for a downward departure pursuant to U.S.S.G. § 4A1.3, based on the alleged overrepresentation of his criminal history, resulting in a criminal history category of VI.

The guidelines provide that a downward departure "may be warranted" when a defendant's "criminal history category *substantially* over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1) (emphasis added).

As Probation notes in the PSR, Defendant's criminal history started at age 16. He then continued to commit a string of criminal offenses until he was ordered to serve 27 months for failure to comply with a police order, improper handling of a firearm, aggravated trafficking in drugs, and operating a vehicle under the influence in the Ohio Department of Rehabilitation and Correction ("ODRC") in April 2019. Shortly thereafter, Defendant was sentenced to a consecutive two years in ODRC for attempted felonious assault and failure to comply with a police order. At the time he committed the offenses leading to these sentences, he had been on community control for multiple incidents of domestic violence. In fact, since his first criminal mischief conviction on September 19, 2016, he had not successfully completed supervision without picking up a new criminal charge. He then committed the instant federal offense while incarcerated in ODRC.

U.S.S.G. § 4A1.3, application note 3 explains that "[a] downward departure from the

---

[2] Defendant would only receive credit for a two-level reduction since the resulting base offense level would be less than 16. U.S.S.G. § 3E1.1(b)

defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." While the Government is cognizant that this is simply an example as to when a downward departure may be appropriate, Defendant's criminal history does not even come close to constituting something analogous. Defendant's criminal history category score would actually have been greater than that calculated but for the capping of one-point convictions at four points under U.S.S.G. § 4A1.1(c). Defendant cannot establish that his criminal history category *substantially* overrepresents his past criminal activity or the likelihood that he will commit future crimes. Rather, his criminal history category under the guidelines properly represents his criminal history.

The Probation Officer has indicated that there are no factors identified in the PSR that would warrant a departure from the applicable sentencing guideline range. However, the Probation Officer does note that the Court may wish to take into consideration Defendant's family history, substance abuse, and extensive criminal record in determining whether a deviation (in either direction) from the guideline imprisonment range is appropriate. In addition, the guideline range for a term of supervised release is one to three years, per U.S.S.G. § 5D1.2(a)(2).

## III. <u>SENTENCING FRAMEWORK</u>

After *Booker v. United States*, 543 U.S. 220 (2005), district courts are to engage in a three-step sentencing procedure. Courts are first to determine the applicable guidelines range, then consider whether a departure from that range is appropriate, and finally, consider the applicable guidelines range—along with all of the factors listed in 18 U.S.C. § 3553(a)—to determine what sentence to impose. *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *Rita v.*

*United States*, 551 U.S. 338, 351 (2007). The central command to district courts in imposing a sentence is to fashion one that is sufficient, but not greater than necessary, to meet the goals set forth in 18 U.S.C. § 3553(a). Section 3553(a) further delineates seven factors the Court must consider in fashioning an appropriate sentence: (1) the nature and circumstances of the offense/history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges as set forth in the Sentencing Guidelines; (5) Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

## IV.    ANALYSIS AND RECOMMENDATION OF THE UNITED STATES

Should the Court sustain the parties' joint objection and deny Defendant's request for a downward departure, Defendant's total offense level is 12 with a criminal history category VI. This results in a guidelines sentencing range of 30 to 37 months imprisonment.

As noted above, there are seven factors the Court is to consider during sentencing, pursuant to 18 U.S.C. § 3553(a). The Government submits that while the Court should consider each of the above factors, the following facts are highly pertinent to the Court's consideration of the nature and circumstances of the offense, as well as the history and characteristics of the defendant.

The nature and circumstances of the offense are described in detail in both the PSR at ¶¶ 11 to 17 and Attachment A of the plea agreement. In short, in September 2021, while he was incarcerated in ODRC, Defendant asked his mother, co-defendant Tracy Wolford,[3] to purchase him a pistol and a semi-automatic rifle, along with ammunition, from Vance Outdoors. On one of

---

[3] On February 6, 2023, this Court sentenced Tracy Wolford to four years of probation. Ms. Wolford is 52 years old with a stable job and no prior criminal history.

the recorded jail calls, Ms. Wolford discussed their plan for her to withdraw Defendant's money and use the funds to purchase the requested firearms and ammunition. They also discussed where to store the firearms in Ms. Wolford's home. At that time, Defendant was federally prohibited from the possession of firearms and ammunition due to his felony convictions for trespass, improper handling of a firearm, failure to comply with a police order, attempted felonious assault, and aggravated trafficking in drugs, as well as his misdemeanor domestic violence conviction. It was clear from the jail calls that both defendants intended Mr. Wolford would return to Ms. Wolford's residence upon his release from ODRC.

Defendant is 27 years old, has no children, and has never been married. He has one sister and his father passed away 10 years ago. Defendant's father was sick most of his childhood, and his parents separated but never divorced when he was eight years old. His mother, co-defendant Tracy Wolford, lives in Columbus with her boyfriend. Defendant did not report any abuse or drug use in his house growing up but does recall living in a high-crime area. Defendant is in good physical health but reports being treated for ADHD and suffering from depression. He has dealt with some substance abuse issues intermittently since he was 14 years old. Defendant obtained his high school diploma from ECOT in 2013, as well as a nursery and landscape management certificate while incarcerated in ODRC. Defendant's job history includes various construction and landscaping jobs he obtained through temporary services agencies.

With the exception of a seven-month window, Defendant has been on some form of supervision or incarcerated consistently since he was 18, including when he committed the instant offense. His criminal history includes multiple incidents of violence, to include shoving and striking his grandmother, and striking and squeezing the mouth of a former girlfriend. He also has a history of firearms violations to include, improperly handling a firearm in a motor

vehicle and discharging a firearm. In both instances, the PSR provides that he was holding a firearm out of the window of a moving vehicle, and on at least one occasion, firing it. While the Government can only speculate as to why Defendant so adamantly needed his mother to purchase him the pistol and semi-automatic rifle he requested, he did make several statements to his mother on a jail call that causes the United States serious concern regarding the future purpose of those firearms should Defendant have successfully come into their possession once he was released from prison. On one jail call, Defendant is heard excitedly talking about how the Kel-Tec CP33 pistol has a 33-round magazine and discussing with Ms. Wolford that the bullets are small enough that they "bounce in you and bounce all around and hit all your organs." The fact that Defendant cannot legally possess them aside, Defendant's history of violence and misuse of firearms supports the danger to the community any weapons pose in the hands of Defendant.

Consideration of the most relevant sentencing factors warrants a sentence near the top of the guideline range. Such a sentence would properly consider the nature and circumstances of the offense, as well as take into consideration Defendant's particular history and characteristics, including his relatively extensive and undeterred criminal conduct. Nothing has yet been effective at preventing Defendant from continuing to engage in criminal behavior. A sentence near the top of the advisory guideline range would serve to protect the public from future crimes of Defendant in the near term and may serve to prevent others from committing similar crimes in the future. And even in light of his history, the Government still believes such a sentence may have a deterrent effect on Defendant as well.

## V.     CONCLUSION

For all of the foregoing reasons, the United States respectfully submits that a term of

imprisonment of 36 months, followed by a term of supervised release, would be sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/ Nicole Pakiz*
NICOLE PAKIZ (0096242)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Nicole.Pakiz@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February 2023, a copy of the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*s/ Nicole Pakiz*
NICOLE PAKIZ (0096242)
Assistant United States Attorney